Motion for Rehearing Overruled and Supplemental Opinion filed November
16, 2006








 

Motion
for Rehearing Overruled and
Supplemental Opinion filed November 16, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00056-CV

____________

 

JAMES AND PATRICIA CHAPMAN, Appellants

 

V.

 

DOUG AND ELEANOR OLBRICH, Appellees

 



 

On Appeal from the 157th
District Court

Harris County, Texas

Trial Court Cause No. 02-36479

 



 

S U P P L E M E N T A L   O P I N I O N

In their motion for rehearing, appellants James and
Patricia Chapman assert a single groundCthat, in our
opinion of June 29, 2006, this court erred by failing to address the argument
that appellees Doug and Eleanor Olbrich forfeited their right to seek specific
performance by allegedly repudiating the parties= contract when
they tendered performance that did not conform to the contract.  The Chapmans
assert that they raised this repudiation argument by their third and fourth
issues and the argument thereunder.  These issues and argument, in the
aggregate, consume fewer than three pages of the Chapmans= appellate 








brief. 
After reviewing the Chapmans= entire brief, with particular attention
to these pages, we conclude that the Chapmans did not assign error as to this
repudiation argument.  Furthermore, the Chapmans waived this issue by failing
to set forth some specific argument and analysis with supporting authorities
and record citations. San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323,
338 (Tex. App.CHouston [14 Dist.] 2005, no pet.) (holding that, even
though courts interpret briefing requirements reasonably and liberally, parties
asserting error on appeal still must put forth some specific argument and
analysis citing the record and authorities in support of the parties= argument).  

The Chapmans= brief states that
the Olbrichs not only failed to tender their own performance under the contract
but also tendered a nonconforming performance.  However, in this part of their
brief, the Chapmans assert that the trial court erred in denying their motions
for directed verdict and for judgment notwithstanding the verdict and in
awarding specific performance because the Olbrichs did not prove that they
diligently and timely performed, or tendered performance of, all the Olbrichs= obligations under
the contract.  While the Chapmans mentioned two different ways in which the
Olbrichs allegedly violated this requirementC(1) not tendering
performance under the contract and (2) tendering performance but not under the
terms of the contractCthe Chapmans never asserted that the
Olbrichs forfeited their right to seek specific performance by repudiating the
parties= contract. 
Indeed, the Chapmans did not use the words Arepudiate@ or Arepudiation@ anywhere in their
third or fourth issues or the argument thereunder, nor did they urge the
repudiation argument they now assert on rehearing.  Moreover, the cases the
Chapmans cite under these two issues do not address whether parties forfeit
their right to seek specific performance by repudiating the parties= contract through
a nonconforming tender of performance.  

Under these circumstances, we conclude the Chapmans did not
present the argument in question on original submission; therefore, this court
did not err in failing to address it. 








Because
the only ground the Chapmans assert on rehearing lacks merit, we overrule their
motion for rehearing.

 

 

 

/s/      Kem Thompson Frost

Justice

 

 

 

Motion for
Rehearing Overruled and Supplemental Opinion filed November 16, 2006.

 

Panel consists of
Justices Hudson, Frost, and Seymore (Hudson, J., would grant rehearing).